FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 1 8 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID JOHNSON, | |
| Plaintiff, | 3:09-cv-00408-RCJ-VPC |
| vs. | |
| HOWARD SKOLNIK, *et al.*, | ORDER |
| Defendants. | |

This is a *pro se* prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On January 6, 2011, this Court entered an order on the amended complaint. (ECF No. 12). In the order, the Court dismissed the amended complaint. Counts XIII and XIV of the amended complaint were dismissed with leave to amend, while the remainder of the counts were dismissed with prejudice.

Plaintiff has filed a motion for reconsideration, or in the alternative, a motion for relief from the order of January 6, 2011. (ECF No. 13). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th

1  Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a
2  party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). In the motion for reconsideration, plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this Court's order of January 6, 2011 should be reversed or altered.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration, or in the alternative, a motion for relief from this Court's January 6, 2011 order (ECF No. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that, pursuant to the Court's January 6, 2011 order, plaintiff may file a second amended complaint, but only as to Counts XIII and XIV. The second amended complaint **SHALL BE** filed no later than **thirty (30) days** following the issuance of this order. Failure to file a second amended complaint amending Counts XIII and XIV will result in dismissal of

this action.

Dated this 18th day of March, 2011.

_R. James_
UNITED STATES DISTRICT JUDGE