UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-cv-00408-RCJ-VPC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| HOWARD SKOLNIK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | / | |

This is a *pro se* prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On January 6, 2011, the Court dismissed with prejudice all counts of the first amended complaint, except Counts XIII and XIV. (ECF No. 12). Counts XIII and XIV were dismissed with leave to amend. Plaintiff filed this second amended complaint on April 18, 2011. (ECF No. 15).

**I. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Second Amended Complaint (SAC) (ECF No. 15)**

**Count I**

In Count XIV of the first amended complaint, plaintiff alleged that defendant Handley violated his Eighth Amendment rights by failing to provide treatment for his seasonal affective depressive disorder (SADD). This Court dismissed the claim because plaintiff failed to allege that he had a medical diagnosis of SADD or that he has ever been prescribed medication for the condition. (ECF No. 12, at p. 16).

In Count I of the second amended complaint, plaintiff does not allege that he was ever diagnosed with SADD. Rather, he alleges that he was diagnosed with "dysthmic disorder, a persistent low grade depression." (SAC, at p. 11). Plaintiff alleges that he was treated with Prozac in the past. (*Id.*). Plaintiff alleges that he was seen by Dr. Handley shortly after making a request for treatment on March 10, 2008. (SAC, at p. 12). Plaintiff alleges that he "was informed by Dr.

1  Handley [that he] could not prescribe medication and would make an appointment for plaintiff to be
2  seen by Dr. Harris.  Handley never made the appointment." (*Id.*).

3        Deliberate indifference to a prisoner's serious medical need states a claim for violation of the
4  Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  Serious medical needs include
5  treatment for mental illness.  *Hallett v. Morgan*, 296 F.3d 732, 746-48 (9th Cir. 2002).  However,
6  mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
7  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at
8  105-06.  In the instant case, plaintiff alleges, at most, that Dr. Handley was negligent in failing to
9  make an appointment with a doctor who could prescribe the medication plaintiff requested.
10 Plaintiff's allegation of negligence fails to state a plausible claim for violation the Eighth
11 Amendment.  Count I of the second amended complaint is dismissed with prejudice.

12       **Count II**

13       In Count XIII of the first amended complaint, plaintiff alleged that he was deprived of
14 outdoor exercise for 45 days, beginning March 5, 2008.  This Court dismissed the claim with leave
15 to amend, directing plaintiff to specify how many of the forty-five days was he totally or partially
16 deprived of outdoor exercise. (ECF No. 12, at pp. 15-16).

17       In Count II of the second amended complaint, plaintiff again alleges a deprivation of outdoor
18 exercise.  Plaintiff alleges that there was an "inconsistent yard schedule." (SAC, at p. 13).  Plaintiff
19 alleges that "sometimes [he] was offered yard on Tuesdays and Wednesdays, other times on
20 Mondays and Saturdays." (*Id.*).  Plaintiff alleges that on April 12, 2008, he received 2 hours and 12
21 minutes of outdoor exercise; on April 14, 2009, he received 2 hours and 40 minutes of outdoor
22 exercise; and on April 19, 2008, he received 2 hours of outdoor exercise. (SAC, at p. 14).  Plaintiff
23 alleges that some days he was unable to participate in yard exercise due to lack of proper clothing or
24 health issues. (SAC, at pp. 13-14).  Plaintiff concludes by stating that defendants "failed to provide
25 plaintiff with adequate amounts of daily exercise." (SAC, at p. 15).

26       Based on the allegations in the second amended complaint, plaintiff fails to state a plausible

Eighth Amendment claim for denial of outdoor exercise. "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citations omitted). Deprivation of outdoor exercise for six and one-half weeks is sufficient to support such a claim. *See Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc). However, "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).

In the instant case, plaintiff was not deprived of all outdoor exercise for a 45-day period. In the second amended complaint, plaintiff has alleged that he received several hours of outdoor exercise on intermittent dates. Plaintiff alleges that he was deprived of "adequate" outdoor exercise, as determined by plaintiff. Plaintiff has merely alleged a temporary and intermittent deprivation of outdoor exercise, rather than a long-term continuous deprivation. As such, plaintiff fails to state a plausible claim for deprivation of his Eighth Amendment right to outdoor exercise. Count II of the second amended complaint is dismissed with prejudice.

**Additional Allegations**

In the order of January 6, 2011, the Court gave plaintiff leave to amend only two claims – the claim of deprivation of outdoor exercise and the claim of denial of medical treatment for SADD. In the second amended complaint, plaintiff has included several allegations that were previously dismissed with prejudice. These additional allegations fail to state plausible claims for relief.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice as to all counts and all defendants.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

Dated this 14th day of June, 2011.

UNITED STATES DISTRICT JUDGE

5